IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
Case No. 1:25-cv-06509

**SHENZHENSHI JINGYIDA TRADING CO., LTD.**,

Plaintiff,

v.

**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**,

Defendants.
_____/

Judge: Honorable Manish S. Shah

Magistrate Judge:
Honorable Keri L. Holleb Hotaling

**DEFENDANT LOKAPEGY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant LOKAPEGY, by and through undersigned counsel, respectfully opposes Plaintiff's Motion for Preliminary Injunction [DE 20] and its Memorandum of Laws [DE 21]. For the reasons set forth below, the Motion should be denied.

**I. INTRODUCTION**

Plaintiff seeks a preliminary injunction to enjoin Defendant from selling an allegedly infringing sports drawstring backpack, claiming infringement of U.S. Copyright Registration No. VA 2-423-081 ("the '081 Copyright"). However, Plaintiff fails to meet the Seventh Circuit's stringent standard for such extraordinary relief. Plaintiff cannot demonstrate a likelihood of success on the merits because the '081 Copyright is invalid for lack of novelty (anticipated by prior art), is not protectable due to its utilitarian function, and Defendant's product does not infringe. Moreover, there is no irreparable harm, the balance of equities favors Defendant, and

the public interest weighs against enjoining legitimate competition. The Motion should be denied.

## II. STANDARD OF REVIEW

In the Seventh Circuit, a preliminary injunction requires Plaintiff to show: (1) a likelihood of success on the merits; (2) irreparable harm absent relief; (3) that the balance of equities tips in its favor; and (4) that the injunction serves the public interest. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). An equitable, interlocutory form of relief, "'a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" *Roland Mach. Co. v. Dresser Indus., Inc.,* 749 F.2d 380, 389 (7th Cir.1984) (quoting *Warner Bros. Pictures, Inc. v. Gittone,* 110 F.2d 292, 293 (3d Cir.1940) (per curiam)). Plaintiff bears the burden, and failure on any factor is fatal. *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992).

## III. ARGUMENT

**A. Plaintiff Has No Likelihood of Success on the Merits.**

To establish copyright infringement, Plaintiff must prove (1) ownership of a valid copyright and (2) copying of original elements. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff fails both prongs.

**1. The '081 Copyright Is Invalid for Lack of Novelty and Anticipation by Prior Art.**

Copyright protection requires originality and novelty. 17 U.S.C. § 102(a); *Feist*, 499 U.S. at 345. Works anticipated by prior art are invalid. *See Gentieu v. Tony Stone Images/Chicago, Inc.*, 214 F. Supp. 2d 849, 853 (N.D. Ill. 2002) (7th Cir. precedent applying anticipation in copyright context).

Here, Defendant's product design and photo predate the '081 Copyright's first publication date of April 29, 2022.

Defendant deigned the following bag with the picture as follows back on Oct. 28, 2021, six months before Plaintiff's alleged publication. *See* below Figure 1 and 2. On Tmall.com, another seller published the same design as that of the copyrighted image in April 2022 at https://detail.tmall.com/item.htm?abbucket=19&id=658610636714&ltk2=1753166020014jt3kf1l2gvihjjilz3ojb8&ns=1&priceTId=2147806117531660166315005e1b64&skuId=4926250830472&spm=a21n57.1.hoverItem.8&utparam=%7B%22aplus_abtest%22%3A%229a25a90f7a8f1aa76cfc40150a4be66a%22%7D&xxc=taobaoSearch). This prior art features a substantially similar streamlined silhouette, central vertical stripe, reinforced base with zippered compartment, and mesh side pockets. *See* Figure 3 below for comparison of the product on tmall.com and `081 Copyright and Defendant's design.

Plaintiff's earliest Amazon review for its product is April 6, 2024 (https://www.amazon.com/product-reviews/B0C5SPSRNG/ref=cm_cr_getr_d_paging_btm_next_7?ie=UTF8&reviewerType=all_reviews&pageNumber=7), post-dating Defendant's publication by over two years. Plaintiff provided no evidence of his 2021 first publication of the alleged copyright in this litigation.

These priors art anticipate the '081 Copyright, rendering it invalid. *See Gentieu*, 214 F. Supp. 2d at 853 (dismissing claim where prior art showed lack of originality).



**Figure 1: Defendant's Own Design**



**Figure 2: Date of Design**

**Figure 3: Comparison of `081 Copyright and Prior Art**



## 2. No Basis for Substantial Similarities as the Photographing of a Backpack Is an Idea Only.

As explained in *Gentieu v. Tony Stone Images/Chicago, Inc.*, 214 F. Supp. 2d 849, 853 (N.D. Ill. 2002), the court stated that "[c]omparison of the allegedly infringing images to Gentieu's three progress shots reveals that any similarity between the two stems only from the common but unprotectible idea of photographing growing babies. As for Gentieu's other images, the differences in the expression of those works so overwhelm their generic similarities that no genuine issue of fact exists as to unlawful copying." *Id.* "In addition to the non-copyrightability of the mere use of a baby in a photograph, the concept of growth or development that underlies all of the photos is undeniably only an idea— so it too cannot be the basis for substantial similarity." *Id.*

Here, any similarities between the allegedly infringing image of Defendant and `081 Copyright stem only from common but unprotectable idea of photographing a backpack, similar to a growing baby, all of which are undeniably only an idea. So, it cannot be the basis for similarity. *Id.*

### **3. The '081 Copyright Is Not Protectable Due to Utilitarian Function.**

Copyright does not protect utilitarian articles or functional designs. 17 U.S.C. § 101 (defining "useful article"); *Star Athletica, L.L.C. v. Varsity Brands, Inc*., 580 U.S. 405, 417 (2017) (copyrightable elements must be separable from utilitarian aspects). The '081 Copyright claims a "Sports Drawstring backpack" with functional features: a streamlined silhouette for portability, reflective stripe for visibility, reinforced base and zippered compartment for durability/storage, and mesh pockets for ventilation/accessibility. These are inherently utilitarian, not artistic. *See Pivot Point Int'l, Inc. v. Charlene Prods., Inc*., 372 F.3d 913, 931 (7th Cir. 2004) (denying protection to functional mannequin head design).

"Conceptual separability exists, therefore, when the artistic aspects of an article can be "conceptualized as existing independently of their utilitarian function." *Id.*, quoting *[Carol Barnhart,](#) 773 F.2d at 418*. This independence is necessarily informed by "whether the design elements can be identified as reflecting the designer's artistic judgment exercised independently of functional influences." *Id*., quoting *[Brandir,](#) 834 F.2d at 1145*.

In the instant case, the `081 Copyright lacks separable artistic elements, invalidating the copyright. Assuming, *arguendo,* the two vertical parallel lines can be an independent artistic element. Defendant and other online sellers, with three vertical lines, along with hundreds of thousands of such obvious graph have been existing in human history for a long history. Plaintiff can not claim originality of the a simple two lines as its expression of ideas.

Plaintiff's Declaration [DE 21-1] is conclusory and fails to address these defenses, undermining likelihood of success.

### **B. Plaintiff Will Not Suffer Irreparable Harm.**

Irreparable harm requires imminent, non-speculative injury not remediable by money damages. *Kraft Foods Grp. Brands LLC v. Cracker Barrel Old Country Store, In*c., 735 F.3d 735, 741 (7th Cir. 2013). Plaintiff's claims of lost sales and reputation are speculative, unsupported by evidence such as sales data or consumer confusion surveys. Monetary damages suffice for any infringement. *See Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004). No presumption or irreparable harm applies here, as this is copyright, not trademark. Plaintiff's delay in seeking relief belies urgency.

### C. The Balance of Equities Favors Defendant.

An injunction would shutter Defendant's business, causing significant harm, while Plaintiff faces only hypothetical losses. *See Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 18 (7th Cir. 1992) (balancing operational disruption). Defendant's good-faith operation and prior publication tip equities against injunction. With the argument of invalidity and functionality of `081 Copyright, the claim for irreparable harm diminishes.

### D. The Public Interest Favors Denial.

Public interest opposes enjoining competition without merit, especially where copyrights may be invalid. *See Gentieu*, 214 F. Supp. 2d at 853 (protecting functional designs harms competition). Denying relief promotes innovation and access to generic products.

### V. CONCLUSION

Plaintiff fails all prongs of the preliminary injunction test. The Motion should be denied.

Dated: August 2, 2025

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Telephone: (305) 209-6188
Email: jamesliuclaw@gmail.com
Counsel for Defendant LOKAPEGY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on all counsel of record on August 2, 2025.

/s/ Jianyin Liu
Jianyin Liu, Esq.